UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOES F. OLIVARES,                                    Case No.: 21-12079
                              Plaintiff,
v.                                                   Judith E. Levy
                                                     United States District Judge
CHRISTOPHER AMBROSE and
JOHN DOES,                                           Curtis Ivy, Jr.
                              Defendants.            United States Magistrate Judge
_____/

## ORDER REGARDING MOTIONS AT ECF Nos. 8, 9, 15, 22, 24, 26, 27

Plaintiff Jose Olivares filed this civil suit on September 7, 2021, without the

assistance of counsel.  (ECF No. 1).  Since the filing of the complaint, Plaintiff has

filed many motions now ready for determination.  This case was referred to the

undersigned for all pretrial proceedings.  (ECF No. 13).

A.    Motion to Take Judicial Notice (ECF No. 8)

Plaintiff asks the Court to take judicial notice of Michigan Compiled Laws

§ 418.301(4) (Worker's Disability Compensation Act of 1969).  The motion is

**GRANTED IN PART**.  M.C.L. § 418.301(4) reads:

> (4) As used in this chapter:

> (a) "Disability" means a limitation of an employee's
> wage earning capacity in work suitable to his or her
> qualifications and training resulting from a personal
> injury or work-related disease. A limitation of wage
> earning capacity occurs only if a personal injury covered
> under this act results in the employee's being unable to

perform all jobs paying the maximum wages in work suitable to that employee's qualifications and training, which includes work that may be performed using the employee's transferable work skills. A disability is total if the employee is unable to earn in any job paying maximum wages in work suitable to the employee's qualifications and training. A disability is partial if the employee retains a wage earning capacity at a pay level less than his or her maximum wages in work suitable to his or her qualifications and training. The establishment of disability does not create a presumption of wage loss.

(b) Except as provided in section 302, "wage earning capacity" means the wages the employee earns or is capable of earning at a job reasonably available to that employee, whether or not wages are actually earned. For the purposes of establishing a limitation of wage earning capacity, an employee has an affirmative duty to seek work reasonably available to that employee, taking into consideration the limitations from the work-related personal injury or disease. A magistrate may consider good-faith job search efforts to determine whether jobs are reasonably available.

(c) "Wage loss" means the amount of wages lost due to a disability. The employee shall establish a connection between the disability and reduced wages in establishing the wage loss. Wage loss may be established, among other methods, by demonstrating the employee's good-faith effort to procure work within his or her wage earning capacity. A partially disabled employee who establishes a good-faith effort to procure work but cannot obtain work within his or her wage earning capacity is entitled to weekly benefits under subsection (7) as if totally disabled.

The application of this statute is not clear, and for practical purposes taking judicial notice of existing law is unnecessary. Nevertheless, the Court has no

2

difficulty taking judicial notice that this statutory subsection exists in the form set forth above.

The title of Plaintiff's motion might include another request for judicial notice—"Motion to Take Judicial Notice that Injury does not mean Disability and Disability does not Require Ongoing Injury."  This is not a position over which the Court will take judicial notice.

B.     Motion for Mandatory Joinder (ECF No. 9)

Plaintiff's second motion seeks joinder of Performance Contracting Group as a required party.  As Plaintiff did not cite a rule or case in support of his motion, the undersigned assumes he brings the motion pursuant to Federal Rule of Civil Procedure 19, Required Joinder of Parties.

Rule 19 provides a three-step analysis to determine whether a party must be joined in an action.  *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001); Fed. R. Civ. P. 19.  First, the Court must determine whether a party who is not joined is a necessary party that should be joined if possible, based on the requirements outlined in Rule 19(a).  *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763–64 (6th Cir. 1999); Fed. R. Civ. P. 19(a).  Second, if deemed a necessary party, the Court must determine whether the party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction.  *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345-

3

46 (6th Cir. 1993); Fed. R. Civ. P. 19(a).  Third, if a party cannot feasibly be joined, the Court then analyzes the Rule 19(b) factors to determine whether the case should be dismissed in the absence of the omitted party as the final step.

This motion is **DENIED**.  Plaintiff has not made the required showing to be entitled to the relief he seeks.  His statements regarding joinder of Performance Contracting Group include (1) the company did not offer him other work, (2) he is seeking to have "reasonably employment enforced as to Performance Contracting Group," and (3) the company is a "mandatory party to allow for Plaintiff to transition back into the workforce."  (ECF No. 9, PageID.68).  Plaintiff failed to adequately address whether the Court can accord complete relief among the existing parties and whether the Court has personal jurisdiction over the proposed joined party and can be joined without destroying subject matter jurisdiction.

C.    Motions for Default Judgment (ECF Nos. 15, 26, 27)

Plaintiff has filed two motions for default judgment (ECF Nos. 15, 26) and a corrected motion for default judgment (ECF No. 27).  In Plaintiff's first of these motions, filed October 25, 2021, he argued defendant Ambrose was subject to default judgment because he was served with the complaint on September 27, 2021, and had not filed an answer within 21 days.  (ECF No. 15).  Plaintiff also filed two requests for Clerk's entry of default.  (ECF Nos. 18, 19).  Ambrose filed a response to the first motion for default judgment and requests for entry of default.

4

(ECF No. 20).  In his second motion for default judgment (the original and corrected versions), Plaintiff argues Ambrose is now subject to this Court's jurisdiction because he filed a response brief (ECF No. 20) and a motion to dismiss (ECF No. 25), and Ambrose failed to show good cause why he did not answer within 21 days of service of the complaint.  (ECF No. 26, 27).

On review of the docket, no default has been entered by the Clerk of the Court in accordance with Federal Rule of Civil Procedure 55 and Local Rule 55.1, which is required before a party may proceed with a motion for entry of default judgment based on a failure to answer or otherwise respond to a complaint.  For these reasons, Plaintiff's motions for entry of default judgment are **STRICKEN** as improperly filed.

> D.    Motion in Rebuttal of Response (ECF No. 22)

Plaintiff filed what is essentially a reply to Ambrose's response to Plaintiff's motion for default judgment.  (ECF No. 22).  Yet he titled the document, "Plaintiff's Motion in Rebuttal as to Ambrose's Response to Motion for Default in Brief."  Thus, it was filed as a pending motion, although it does not appear Plaintiff seeks relief apart from finding Ambrose in default judgment (i.e., the subject of the reply brief).  A reply brief is provided automatically by Eastern District of Michigan Local Rule 7.1(e); a motion is unnecessary.  The Court thus **TERMINATES** the reply as a pending motion.

E.      Motion to Command Address and Take Judicial Notice of Fed. R.
        Civ. P. 11(a) (ECF No. 24)

In the final motion addressed in this Order, Plaintiff challenges Ambrose's

declaration attached to his response to the motion for default judgment.  Ambrose

did not include his address with his signature.  Plaintiff asserts the address must be

included pursuant to Fed. R. Civ. P. 11(a).  Because his address was not included,

Plaintiff assumes Ambrose's counsel's address is the proper address for service on

Ambrose.  (ECF No. 24, PageID.166-67).

As Ambrose has now moved to dismiss, and does not contest the manner of

service of process, the issue of obtaining an address for service now appears moot.

Further, 28 U.S.C. § 1746, the statute pursuant to which Ambrose provided his

declaration, does not require the declarant to state their address.  Ambrose's

counsel properly provided her address along with her signature on the response

brief.  (ECF No. 20).  Finally, other than the title of the motion, Plaintiff did not

ask the Court to take judicial notice of Rule 11(a).  Again, it is unnecessary to take

judicial notice of rules and laws binding on the parties and the Court.  For these

reasons, the motion is **DENIED**.

   **IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but

are required to file any objections within 14 days of service as provided for in

Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not

6

assign as error any defect in this Order to which timely objection was not made.

Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order

to which the party objects and state the basis of the objection.  When an objection

is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling

remains in full force and effect unless and until it is stayed by the magistrate judge

or a district judge.  E.D. Mich. Local Rule 72.2.


Date: November 8, 2021             s/Curtis Ivy, Jr.
                                   Curtis Ivy, Jr.
                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on November 8, 2021.

s/Kristen MacKay
Case Manager
(810) 341-7850

7