UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSE F. OLIVARES,
        Plaintiff,
v.

CHRISTOPHER AMBROSE
(INDIVIDUALLY), and JOHN
DOE UNNAMED
COMMISSIONERS
(INDIVIDUALLY),
        Defendants.
_____/

Case No.: 21-12079

Judith E. Levy
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge


**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DISMISS (ECF No. 25)**


**I.      PROCEDURAL HISTORY**

Plaintiff Jose Olivares, proceeding without counsel, commenced this suit on

September 7, 2021, naming a former magistrate for the Michigan Workers'

Disability Compensation Agency and others as defendants.  (ECF No. 1).  On that

same date, an Amended Complaint was also filed.  (ECF No. 3).  Plaintiff's

Amended Complaint is not a model of clarity.  Its allegations are unfocused and

often untethered to any specific claim of relief.  This pleading is replete with

allegations of Defendant Ambrose's alleged misconduct and failure to reach the

correct result.  As best can be gleaned, Olivares asserts Defendant Ambrose

engaged in various improper acts while serving in his former role.  (*Id.*).  As a result, he alleges his due process rights were violated.

This case was referred to the undersigned for all pretrial proceedings.  (ECF No. 13).  The Court found the motion suitable for determination without a hearing in accord with Local Rule 7.1(f)(2).  Defendant's motion is now fully briefed (ECF Nos. 31, 37) and ready for report and recommendation.

For the reasons discussed below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

## II.    FACTS

By way of background, Plaintiff has filed a number of federal lawsuits alleging some version of these claims against Ambrose and other defendants.  *See Olivares v. Mich. Workers' Comp. Agency*, No. 18-12343, 2019 WL 4688738, at *1-2 (E.D. Mich. Sept. 26, 2019) (collecting cases).[1]  Plaintiff's complaints generally challenge the enforcement of a 2005 order from the Michigan Workers' Disability Compensation Agency, in which a magistrate concluded that he was no

---

[1] It should be noted that on December 12, 2017, Mr. Olivares filed a complaint in the United States District Court for the Eastern District of Michigan challenging the results of his Worker's Compensation cases.  That particular suit named several defendants, including Christopher Ambrose, and John Doe.  *See Olivares v. Michigan Worker's Comp. Agency, et al.*, Case No. 2:17-cv-13994.  In the complaint, Plaintiff complained of the same left shoulder injury.  (ECF No. 1, PageID.2).  The Court dismissed the case *sua sponte* as frivolous under 28 U.S.C. § 1915(e)(2)(B).  Among other things, the Court determined that Olivares's § 1983 claim was untimely as he filed his complaint well after Michigan's three-year statute of limitations had expired.  (ECF No. 5).

longer entitled to wage-loss benefits for a workplace injury that he sustained in

1998.  *See Olivares v. Long*, 2021 WL 466562, at *1 (6th Cir. Jan. 8, 2021).   His

most recent suit was dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)

because the suit was barred by the three-year statute of limitations applicable to §

1983 claims.  *Olivares v. Long*, No. 20-11763, 2020 WL 3833110, at *2 (E.D.

Mich. July 8, 2020).

The facts were adequately addressed previously, thus the Court will adopt

the Sixth Circuit's recitation of the facts:

> Olivares filed for workers' compensation benefits,
> claiming that he sustained a work-related injury after
> falling from a ladder on May 5, 1998. In December 2000,
> a magistrate with the Michigan Bureau of Workers'
> Disability Compensation ("Bureau") found that Olivares
> "suffered an injury which arose out of and in the course
> of his employment," but that he was not entitled to wage-
> loss benefits beyond August 1, 1998 because he
> unreasonably refused favored work and "voluntarily
> removed himself from the work force." Olivares
> subsequently filed an application for additional benefits.
> In 2005, a magistrate issued an order concluding that
> Olivares was entitled to additional benefits from
> September 1, 2003, until May 20, 2005, but that he was
> not entitled to any benefits beyond that date because he
> "was no longer suffering from the effects of the work
> injury which disabled him in the first place." The
> Michigan Compensation Appellate Commission
> ("MCAC") affirmed the Bureau's decision.
> Olivares has since filed "multiple applications, appeals,
> motions, and pleadings" with the Bureau and the MCAC
> in an effort to secure additional workers' compensation
> benefits for his 1998 injury.

*Olivares v. Mich. Workers' Comp. Agency*, No. 18-2369, 2019 WL 2299250, at \*1

(6th Cir. Apr. 16, 2019).  Plaintiff's complaint is difficult to decipher, but reading

the amended complaint liberally, it alleged that the defendants violated his right to

due process and state law when deciding whether he was entitled to workers'

compensation benefits for an injury he suffered in 1998.  Olivares sued the

defendants in their individual capacities.  Specifically, Olivares appears to allege

that Defendant Ambrose improperly determined he suffered from a rotator cuff

tear.  (ECF No. 3, PageID.18-19, ¶¶ 5-7).  Later, Plaintiff asserts during an

ultrasound performed on August 26, 2021, the rotator cuff injury was found.  (*Id.*

at PageID. 20, ¶ 10).  Plaintiff also contends Ambrose improperly denied him

benefits as he still suffered from the shoulder injury when his case was closed by

the 2005 state administrative order.  (*Id.* at PageID.21, ¶ 13).  Plaintiff now seeks

to have the order set aside and be awarded damages.  (*Id.* at PageID.23-24, 30, ¶

18).

    Ambrose moved to dismiss on November 4, 2021.  (ECF No. 25).  Plaintiff

filed a Response to that motion on November 9, 2021.  (ECF No. 31).  Defendant

replied to that response on November 23, 2021.  (ECF No. 37).  On December 14,

2021, the Court found the motion suitable for determination without a hearing in

accord with Local Rule 7.1(f)(2).

## III.    ANALYSIS AND RECOMMENDATIONS

A.      Standard of Review

Defendant Ambrose moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  (ECF No. 25).  On such a motion to dismiss, the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Federal courts hold the pro se complaint to a "less stringent standard[]" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  That said,

5

even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him.  Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

B.    Discussion

Defendant makes several arguments for his dismissal: (1) Plaintiff's claims are barred by the applicable three-year statute of limitations, (2) Defendant is entitled to absolute quasi-judicial immunity because the allegations against him relate to actions taken as a state workers' compensation magistrate, (3) Defendant is entitled to qualified immunity because Plaintiff has not alleged the violation of a clearly established constitutional right, (4) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because he is seeking to set aside a final state administrative order, and (5) if Plaintiff has sued Defendant Ambrose in his official

capacity, Defendant is protected by Eleventh Amendment immunity.  (ECF No.

25).

      1.  The Statute of Limitations

Plaintiff continues to insist on relitigating events relating to a workers'

compensation claim in state court.  Yet, as with his prior suits, the current version

still fails.  Plaintiff filed this new suit sixteen years after the 2005 order that

allegedly harmed him, so this suit is also barred by the three-year statute of

limitations applicable to § 1983 claims.  *See* Mich. Comp. Laws § 600.5805(2)

(three-year limitations for personal injuries); *Carroll v. Wilkerson*, 782 F.2d 44, 44

(6th Cir. 1986) (statute of limitations applicable to personal injuries applies to §

1983 claims).

Attempting to avoid this bar, Plaintiff argues Michigan's fraudulent-

concealment statute, if applicable, would have restarted the clock on his claim.

*See* Mich. Comp. Laws § 600.5855.  It appears, according to Olivares, the

fraudulent-concealment statute applies here because the defendants took

affirmative actions to preclude him from undergoing a medical examination that

would have revealed the relevant medical condition pertinent to his worker's

compensation claim.  Even so, fraudulent concealment must be pleaded with

particularity.  *See Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 850-51 (6th Cir.

2006).  The Sixth Circuit reiterated this when it denied plaintiff relief and held his

suit was time-barred.  *See Olivares v. Mich. Workers' Comp. Agency*, No. 18-1048,

2018 WL 11303615, at *2 (6th Cir. Nov. 15, 2018) (holding fraudulent

concealment must be pled with particularity).  The Sixth Circuit noted Plaintiff

needed to plead facts showing: "(1) that the defendants wrongfully concealed their

actions; (2) that Olivares failed to discover 'the operative facts that are the basis of

his cause of action' within the limitations period; and (3) that Olivares acted with

due diligence until discovering the relevant facts."  *Id.* (quoting *Dayco Corp. v.*

*Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)).  The amended

complaint fails to meet these requirements.  Plaintiff's vague allegations of fraud

are difficult to parse.  Reading the complaint liberally and in a light most favorable

to Plaintiff, his contention that his rotator cuff tear was not correctly diagnosed and

Defendant's allegedly subsequent improper action of determining defendant's

injury to be a degenerative shoulder does not show any of these factors.  For

example, Olivares does not explain how Defendant precluding him from further

diagnosis is wrongful concealment under the statute.  Second, he does not explain

how his new diagnosis forms 'the basis of this cause of action.'  Finally, Olivares

does not describe how he acted with due diligence until his ultrasound in 2021.

The undersigned thus finds Olivares's claims arising out of a 1998 injury and a 2005 order are barred by the statute of limitations.[2]

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 25) be **GRANTED**.  In light of this recommendation, the undersigned further **RECOMMENDS** terminating Plaintiff's motion for reconsideration (ECF No. 38) as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

---

[2] As the Court recommends Plaintiff's claims are time barred by the statute of limitations, it did not address Defendant's remaining contentions for relief.  At any rate, Defendant Ambrose is likely entitled to quasi-judicial immunity.  The Supreme Court has long recognized that state agency adjudicators are immune from damages liability.  *See Butz v. Ecomomou*, 438 U.S. 478, 516 (1978).  The Sixth Circuit has found, for example, that individuals on a state Board of Medical Licensure were entitled to quasi-judicial immunity when they make decisions in a judicial function.  *Quatkemeyer v. Kentucky Bd. Of Med. Licensure*, 506 F. App'x 342, 346-47 (6th Cir. 2012).

*Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date:  December 15, 2021.                                s/Curtis Ivy, Jr.
                                                         Curtis Ivy, Jr.
                                                         United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing document was served upon the parties and/of counsel of record on December 15, 2021, by electronic means and/or ordinary mail.

<u>s/Kristen MacKay</u>
Case Manager
(810) 341-7850