UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Jose F. Olivares, | |
| Plaintiff, | Case No. 21-12079 |
| v. | Judith E. Levy<br>United States District Judge |
| Christopher Ambrose and John Does, | Mag. Judge Curtis Ivy, Jr. |
| Defendants. | |

_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [41], GRANTING DEFENDANT'S MOTION TO DISMISS [25], DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [38], DENYING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT [47], AND DENYING PLAINTIFF'S REMAINING MOTIONS AS MOOT [44, 54, 55, 56]**

Before the Court is Magistrate Judge Curtis Ivy Jr.'s Report and Recommendation ("R&R"), which recommends that the Court grant Defendant Christopher Ambrose's motion to dismiss (ECF No. 25) and deny Plaintiff's motion for reconsideration (ECF No. 38). Plaintiff filed an objection (ECF No. 42) and a corrected objection (ECF No. 43) to the R&R. For the reasons set forth below, the R&R is adopted, Plaintiffs' remaining motions (ECF Nos. 44, 47, 54, 55, 56) are denied, and the case is dismissed with prejudice.

1

I.  **Background**

The Court has reviewed the R&R's fact section, finds it sufficient, and adopts it.[1]

Plaintiff filed a document entitled "objection" and then another entitled "corrected objection" on the same day. (ECF Nos. 42, 43.) The Court will construe the last-filed objection—the "corrected objection"—as Plaintiff's intended objection to the R&R. Because Plaintiff is self-represented, the Court construes his objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

Plaintiff filed six additional motions. One of these motions, a motion for leave to file an amended complaint, seeks to add two additional defendants. (*See* ECF Nos. 47 (motion), 48 (proposed amended complaint).) The remaining five motions are a motion for reconsideration, which is discussed in the R&R (ECF No. 38), for injunctive relief (ECF No. 44), a motion to strike (ECF No. 54), a motion for discovery (ECF No.

---

[1] One of Plaintiff's objections regards the portion of the R&R adopting the Sixth Circuit's recitation of the facts. For the reasons set forth below, that objection is denied.

2

55), and a motion to take judicial notice (ECF No. 56). For the reasons set forth below, these motions are denied.

## II. Report and Recommendation

### A. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### B.   Analysis of Objections to R&R

All of Plaintiff's objections suffer from a lack of clarity. Even when read in the light most generous to Plaintiff, the objections are vague and difficult to understand. (*See* ECF No. 43 (Objections 1– 3, 5–8).) Nor do they identify an error made by the Magistrate Judge. Plaintiff presents one objection that requires further discussion below, but it, too is denied for the reasons set forth. (*See id.* (Objection 4).)

#### 1.   Undiscernible Objections

Most of Plaintiff's objections regard non-dispositive issues that were are not clearly or discernably set forth. They are overruled for the reasons set forth below and the R&R is adopted.

Objection 1 cites to the R&R's "Procedural History" section. Plaintiff states he is "alleging a violation of due process under the 14th Amendment of the United States Constitution rendering the 2005 order void based upon the following plead [*sic*]." (ECF No. 43, PageID.322.) He then sets forth a list, labelled (a) through (e), which vaguely mirrors some of the allegations set forth in his amended complaint. (*See id*.; *and see* ECF No. 3.) Despite this, Plaintiff does not explain his objection. Nor can the Court discern what the objection is based on the context. Rather this objection appears to be a general disagreement with the Magistrate Judge's decision to include certain facts in the Procedural History section of the R&R. This is not a proper objection and objection 1 is thus overruled. *See Coleman-Bey*, 287 F. App'x at 422.

Objection 2 similarly does not express a clear argument. Nor does objection 2 identify an error in the R&R. In objection 2, Plaintiff takes issue with the R&R's adoption of the Sixth Circuit's statement of facts. (ECF No. 43, PageID.323; *and see* R&R (ECF No. 41, PageID.303).) The R&R clearly explains why the Sixth Circuit's recitation of the facts is adopted. As stated in the R&R, since Plaintiff's complaint is "not the model of clarity," and because his repeat filings in federal court

5

complaints all allege "some version of" the same claims, there are good reasons to look at the Sixth Circuit's understanding of the facts in order to make sense of the case. (ECF No. 41, PageID.1–3.) Judge Ivy's decision to do so is therefore entirely appropriate.

The Court cannot follow the remainder of this objection. For example, part (c) of objection 2 states: "By the same statement of facts which were not boilerplated [*sic*], and would have been dismissed, Plaintiff implicitly stated that Ambrose knew Plaintiff's diagnoses and Plaintiff did not in 2005." (ECF No. 43, PageID.323.) The Court does not know what Plaintiff means by this sentence outside of what the Sixth Circuit and other courts have interpreted it to mean (which is discussed further below). Accordingly, objection 2 is overruled.

Objection 3 suffers from similar problems as objections 1 and 2. Plaintiff states, as an apparent heading to this objection: "Not understanding what Plaintiff is saying." (ECF No. 43, PageID.324.) Plaintiff appears to be objecting to the fact that the Magistrate Judge had difficulty following Plaintiff's complaint and response to the motion to dismiss. This is not a proper legal objection. Unfortunately this Court

6

fares no differently from the Magistrate Judge in this regard. Accordingly, objection 3 is overruled.

Objection 5 states that Defendant Ambrose "illegally placed Plaintiff[] under a different statute to close award." (ECF No. 43, PageID.327.) He also argues that "[u]nder a spoliation of evidence theory that is not recognized by Michigan jurisprudence but recognized by the 6th circuit, Plaintiff can say as presumption abet[*sic*] rebuttable that the 2005 order is void." (*Id*.) He cites the case *Adkins v. Wolever*, 692 F.3d 499 (6th Cir. 2012). (*Id*.) But Plaintiff does not explain what the spoliation theory is that he wants applied to this case. *Adkins* is a 42 U.S.C. § 1983 excessive force case brought by a prisoner against a prison guard. *Id*. at 500. There, the plaintiff argued that he was entitled to an adverse inference jury instruction based on the prison's alleged destruction of video evidence of the underlying incident. *Id*. at 501. The Sixth Circuit reiterated its earlier holding that federal courts are not "constrained by state law when crafting proper spoliation sanctions." *Id*. Here, in contrast, Plaintiff's case does not involve an adverse inference jury instruction, nor even a jury at this stage. Rather, this case is in the early stages, and involves a complaint, amendment, and motion to

7

dismiss (among other motions discussed further below). Plaintiff has not explained how *Adkins* is applicable and, upon the Court's independent review, it is not. Accordingly, objection 5 is overruled.

Objection 6 speculates as to what Defendant Ambrose knew about Plaintiff's condition when he handled Plaintiff's case in or around the year 2000. The objection appears to be that Defendant Ambrose knew Plaintiff did not have a diagnosis in 2000 and seems to imply that Ambrose applied the wrong law to Plaintiff's case. None of the arguments in objection 6 present issues that differ in any way from what Plaintiff already presented to the Magistrate Judge. Mere disagreement with the Magistrate Judge's rulings is not a reason to sustain an objection. Objection 6 is overruled.

Objection 7 argues that Plaintiff was not required to plead fraudulent concealment in his compliant, but rather, the Court should have applied it anyway. This, for reasons already explained by the Magistrate Judge, is not how the rules of pleading work. The objection goes on to repeat many of the allegations regarding what Defendant Ambrose allegedly knew in 2000. For the reasons set forth in objection 6,

8

these arguments are not clear, do not set forth a legal error made in the R&R, nor are they understandable. Accordingly, objection 7 is overruled.

Objection 8 argues that the jury should be the fact-finding body. It also argues again that Defendant Ambrose allegedly knew more in 2000 than he revealed. For the reasons already set forth, these objections are not adequately explained, and therefore they are overruled.

### 2. Objection 4

Plaintiff's objection 4 suffers from the same flaws as his other objections. However, the Court is addressing this objection separately because it appears Plaintiff has a mistaken belief about the statute of limitations applicable to his case. The statue of limitations that applies to Plaintiff's claims is three years. *See* Mich. Comp. Laws § 600.5805(2) (setting forth the statute of limitations applicable to personal injury claims, including those brought under 42 U.S.C. § 1983). Plaintiff argues that the statute of limitations should not have expired already because he did not know about his claim until too late. He argues that Michigan's fraudulent concealment statute applies.

As explained by the Magistrate Judge, however, Plaintiff has not pleaded this claim with the requisite particularly required in the Sixth

Circuit. Indeed, Olivares has brought other lawsuits against Ambrose and made similar unsuccessful arguments with regard to the statute of limitations. *See Oliveres v. Michigan Compensation Agency, et al*, Case 2:17-cv-10594. The law has not changed and Plaintiff's arguments fare no better in this case. Accordingly, objection 4 is overruled.

In sum, all of Plaintiff's objections are overruled. The R&R is adopted, and the case is dismissed as to Defendant Ambrose (ECF No. 35), and the motion for reconsideration is denied (ECF No. 38).

### III. Dismissal of John Doe Defendants

In addition to the now-dismissed claims against Defendant Ambrose, Plaintiff sued several John Does. For the reason set forth below, Plaintiff's claims against the John Does are also dismissed.

A district court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on its own. *Dodd v. Spokane County,* 393 F.2d 330, 334 (9th Cir. 1968); *Tingler v. Marshall,* 716 F.2d 1109, 1112 (6th Cir. 1983). First, however, the Court must:

> (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal; (4) give the defendant a

> chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for dismissal.

*Schorn v. Larose*, 829 F. Supp. 215 (E.D. Mich. 1993).

Here, Plaintiff has filed the same or similar lawsuits many times in the Eastern District of Michigan, unsuccessfully. (*See Olivares v. Gadola, et al.*, Case 4:21-cv-10934-MFL-DRG (dismissing complaint against Defendant Ambrose and others for failing to pay the filing fee, failing to complete an IFP application, and failing to respond to the deficiency notice); *Olivares v. Performance Contracting Group, et al.*, Case 2:22-cv-10574-MFL-DRG (pending case that appears to allege the same or similar facts regarding Plaintiff's 1998 shoulder injury that is the subject of Plaintiff's case here); *Oliveres v. Michigan Compensation Agency, et al.*, Case 2:17-cv-10594-AC-RSW (dismissing Plaintiff's complaint regarding the same underlying facts for, among other reasons, statute of limitations expiration) (*citing*, in ECF No. 4 Order of Dismissal, the following summary dismissals brought by Plaintiff: *Olivares v. Performance Contr., et al.*, 02-74585; *Olivares v. Fifteenth District Court, et al.*, 05-71275; *Olivares v. Sutton, et al.*, 07-15201; *Olivares v. Coy, et al.*, 12-10787, *Olivares v. Tallahassee Police Dept.*, 14-10097; *Olivares v. Leon, County, et al.*, 14-10098, and *Olivarez v. Michigan Workers Compensation*

11

*Agency*, 15- 11004)); *Olivares v. Mark Long, et al.*, Case 2:20-cv-11763-PDB-DRG (dismissing Plaintiff's case summarily) (*and see* ECF No. 16, Order from Sixth Circuit Court of Appeals affirming dismissal; ECF No. 19 letter from U.S. Supreme Court denying petition for writ of certiorari).) And there are more cases that Plaintiff has filed in this district regarding the same or similar facts than are listed here. Plaintiff sued many different defendants in these cases, including Ambrose, and none have survived.

In some circumstances, there may be good reasons to direct a plaintiff to show cause why a complaint should not be dismissed for failing to serve unnamed John Does. However, such circumstances are not present in this case. Regardless of the John Does' identity, Plaintiff fails to state a claim against them. As set forth above, Plaintiff has sued many defendants, including Ambrose, multiple times over the years. The doctrines of collateral estoppel and res judicata preclude relitigating the same issues over and over again against the same or similar defendants.

> Under Michigan law, collateral estoppel applies when the following requirements are satisfied: (1) the parties in both proceedings are the same or in privity, (2) there was a valid, final judgment in the first proceeding, (3) the same issue was actually litigated in the first proceeding, (4) that issue was

necessary to the judgment, and (5) the party against whom preclusion is asserted, or its privy, had a full and fair opportunity to litigate the issue.

*United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004). Many of the cases set forth above have been litigated to a final judgment. The district court's dismissal of *Olivares v. Michigan Compensation Agency, et al*, Case 2:17-cv-10594-AC-RSW, for example, has been undisturbed by the United States Supreme Court, and accordingly, the judgment against Plaintiff regarding the facts of this case is final.

Additionally, there is no scenario where the statute of limitations (which has run as to Defendant Ambrose) has not run as to John Does, whoever they are. Plaintiff has not argued that a different or longer statute of limitation applies as to them. Instead, he implies that they are "unnamed Commissioners," who are otherwise undescribed but appear similar to Ambrose and other defendants dismissed in previous iterations of this case.

Dismissal of the complaint against the John Does before service and notice to the parties is therefore "harmless because 'no amendment would have allowed [plaintiffs] to obtain relief from the defendants.'" *Brent v. Wayne Co. Dept of Health and Human Svcs*, 901 F.3d 656 (6th Cir. 2018)

13

(quoting *Tidik v. Kaufman*, 156 F.3d 1232 (6th Cir. 1998)). For these reasons, the claims against the John Does are dismissed with prejudice.

## IV. Motion for Leave to File Amended Complaint

Plaintiff filed a motion to amend his complaint. (ECF No. 47.) Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Court should consider whether there has been, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* 3 Moore's Federal Practice § 15.14[1] (3d ed.1997).

Here, an amendment would be futile. Plaintiff has already amended his complaint once. (ECF No. 3.) As discussed above, Plaintiff has brought other cases involving the same or similar issues many times in the Eastern District of Michigan, unsuccessfully. Plaintiff's appeals of these dismissals to the Sixth Circuit and United States Supreme Court

14

have been unsuccessful. Accordingly, any amendment to the complaint would be futile.

## V. Denial of Plaintiff's Remaining Motions

Because the case is dismissed, Plaintiff's remaining motions are denied as moot. (ECF No. 44, 54, 55, 56.)

## VI. Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation. (ECF No. 41.) Defendant's motion to dismiss is GRANTED. (ECF No. 25.) Plaintiff's motion for reconsideration is denied. (ECF No. 38.) Plaintiff's motion to file an amended complaint is DENIED. (ECF No. 47.) Accordingly, the case is DISMISSED WITH PREJUDICE. Plaintiff's remaining motions are DENIED as MOOT. (ECF Nos. 44, 54, 55, 56.)

IT IS SO ORDERED.

Dated: September 27, 2022      s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's

ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2022.

s/William J. Barkholz  
WILLIAM J. BARKHOLZ  
Case Manager