UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jose F. Olivares,

                Plaintiff,        Case No. 21-12079

v.                                  Judith E. Levy
                                     United States District Judge

Christopher Ambrose, et al.,

                                     Mag. Judge Curtis Ivy, Jr.

                Defendants.

_____/

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR RECONSIDERATION [69]**

Before the Court is Plaintiff Jose F. Olivares' motion for reconsideration. (ECF No. 69.) For the reasons set forth below, the motion is DENIED.

I.     **Background**

On September 27, 2022, the Court issued an Opinion and Order adopting Magistrate Judge Curtis Ivy, Jr.'s Report and Recommendation ("R&R"), granting Defendant Christopher Ambrose's motion to dismiss, dismissing the John Doe Defendants, and denying Plaintiff's pending motions. (ECF No. 57.) That same day, the Court entered a corresponding

judgment dismissing the case with prejudice. (ECF No. 58.) Plaintiff subsequently filed two motions for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (ECF Nos. 59, 62) and a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 63.) On July 5, 2023, the Court entered an Order denying Plaintiff's motions for reconsideration and motion for relief from judgment. (ECF No. 64.) Plaintiff appealed the Court's rulings to the United States Court of Appeals for the Sixth Circuit. (ECF No. 65.) On January 30, 2024, the Sixth Circuit issued an unpublished Order affirming the Court's prior decisions. (ECF No. 67.) On February 14, 2024, Plaintiff filed the present motion for reconsideration under Rule 59(e) and Rule 60(b)(6). (ECF No. 69.)

## II. Analysis

As an initial matter, Plaintiff may not pursue relief under Rule 59(e). That rule provides that a party may move "to alter or amend a judgment" within "**28 days** after the entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis added). Plaintiff filed the present motion 505 days after the Court entered the judgment in this case. (*See* ECF Nos. 58, 69.)

Thus, to the extent Plaintiff's motion seeks to alter or amend the judgment under Rule 59(e), it is untimely.

Plaintiff is also not entitled to relief under Rule 60(b)(6).[1] Subsection (b)(6) is a catchall provision that permits a district court to grant relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, Rule 60(b)(6) is "circumscribed by public policy favoring finality of judgments and termination of litigation" and "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Jones v. Bradshaw*, 46 F.4th 459, 482 (6th Cir. 2022) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)). As a result, "[r]elief under [60(b)(6)] is limited to 'unusual and extreme situations

---

[1] To the extent Plaintiff seeks relief under Rule 60(b)(1), (2), and (3), his motion is untimely. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). And to the extent Plaintiff seeks relief under Rule 60(b)(4) and (5), those reasons are inapplicable. *See Salem Pointe Capital, LLC v. Rarity Bay Partners*, 854 F. App'x 688, 702 (6th Cir. 2021) ("[C]ourts considering Rule 60(b)(4) motions 'generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction.'" (citation omitted)); *Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 613 (6th Cir. 2011) (Rule 60(b)(5) "provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental." (citation omitted)).

3

where principles of equity *mandate* relief.'" *Id.* (emphasis in original). "[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* (alteration in original) (quoting *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)).

Plaintiff fails to demonstrate exceptional or extraordinary circumstances that justify relief under Rule 60(b)(6). Although difficult to decipher, Plaintiff's motion appears to assert that the 2005 state administrative order was procedurally invalid because his employer, Performance Abatement Services, was not the proper entity to contest his award of disability benefits. (*See* ECF No. 69, PageID.549–552 & n.1.) Plaintiff does not provide any evidence to support these arguments. Even if these allegations are taken as true, they do not alter the Court's conclusion that this action was untimely under the applicable three-year statute of limitations. (*See* ECF No. 57, PageID.422–423; ECF No. 64, PageID.525–526; *see also* ECF No. 67, PageID.538–539 (affirming this Court's rulings).) Nor do these assertions demonstrate fraudulent

4

concealment by Defendant that would toll the statute of limitations under Mich. Comp. Laws § 600.5855. Moreover, Plaintiff acknowledges in his motion that he discovered this alleged deficiency in 2022. (ECF No. 69, PageID.548 ("In 2022, Plaintiff discovered that . . . [Defendant] knew or should have known[ ] in 2005 that Performance Abatement Services was not the Employer[.]").) As such, Plaintiff has not demonstrated exceptional circumstances warranting relief under Rule 60(b)(6).

### III. Conclusion

For the reasons set forth above, Plaintiff's motion for reconsideration (ECF No. 69) is DENIED.

IT IS SO ORDERED.

Dated: April 30, 2024   s/Judith E. Levy
Ann Arbor, Michigan    JUDITH E. LEVY
                       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 30, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

5